## BECK v ALLIANCE FIRST NATL BK et

Ohio Appeals, 5th Dist, Stark Co
No. 1014. Decided October 17, 1929

Mr. V. L. Fishel, Esq., Alliance, for Beck.

Messrs. Andrews & Moreland, Alliance, for First Natl Bk et.

**HOUCK, J.**

Coming to the first question as to the appealability of this action, we will say that Sec. 6 of Article 4 of the Constitution of Ohio provides

"Courts of Appeals shall have original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition and procedendo and appellate jurisdiction in the trial of chancery cases."

Is the construction of a will and the right of a trustee named therein a chancery case? If this be answered in the affirmative, then this cause is appealable, but, on the other hand, if answered in the negative, then it is not appealable and the claim of counsel for the defendants is sound.

Gerhardt v. Richardson, 109 OS. 418.
Shoe Co. v. Shoe Co., 16 O. A. R. 387.
Bank & Trust Co. v. Clark, 7 Ohio App. 6.

It is clear to us that under the Constitution of Ohio and the decisions just cited, that there can be no question as to the appealability of the case at bar.

Coming now to the second question, will say that before a Court of equity will attempt to construe a will, it must appear upon the face of the instrument that some immediate necessity exists for a construction of the will. There must be a present or impending controversy to be determined. That a doubt may arise at some future time which will necessitate an inquiry into the significance of the language of the testator is never sufficient to justify a construction of the will.

The applicant for the construction of a will must show that there is some necessity for his invocation of the wisdom of the Court. He must show that some provision of the will is of dubious and uncertain meaning and that he will soon be called upon to act under it, for the time and attention of the Court cannot be occupied in construing that which stands in no need of construction or in solving speculative and contingent doubts which may never arise in the actual performance of the duties of the executor or trustee.

It is a well settled rule of law where the language of a will is plain and its meaning is obvious, the Court has no right to qualify or control such language in any way by conjecture or doubt arising from extraneous facts. If the testament is contingent in form, although the testator through inadvertence failed to explain his intention as he undoubtedly would have done had his attention been called to the matter, it must be so declared, for the Court can no more make a will in part for a deceased person than it can make his whole will.

A careful reading of the will of Reuben Earnest leads us to the unanimous conclusion that it needs no interpretation, the language therein being plain, definite, certain and explicit, and where no construction is necessary, there is nothing for the Court to interpret. This rule clearly applies to the instant case. We cite counsel to the following cases as supporting the conclusion of the Court reached in this case:

Corry, et al. v. Fleming, et al., 29 OS. 140; and
Rothgeb v. Mauk, 35 OS. 503.

It appears to this Court that a further discussion of the facts and law involved in this controversy is unnecessary and the Court now enters judgment for the defendant, and the petition of the plaintiff is dismissed.

Lemert, J, and Sherick, J, concur.